■ RAKESH AHUJA et al., Appellants, v IAN SCHRAGER HOTELS, INC., et al., Respondents. [815 NYS2d 62]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered April 15, 2005, which, to the extent appealed from, denied so much of plaintiffs' motion as sought to vacate a default judgment dismissing the complaint for failure to appear at a preliminary conference, unanimously affirmed, with costs.

Despite ample opportunity to do so, plaintiffs failed to establish that they possessed a valid assignment of certain rights from Equinox 63rd Street under the guest fee agreement on which the complaint is based, and thus did not establish standing. The guest fee agreement was between Equinox 63rd Street and the prior owner of the hotel. The assignment on which plaintiffs rely was from Equinox Holdings, and purports to convey not only that assignor's rights, but also that of its subsidiaries to the subject claim. However, courts will not allow a parent to pierce the corporate veil it created for its own benefit, so as to assert the claims of its subsidiary (*see generally Minerals Tech. v Pfizer Inc.*, 309 AD2d 525 [2003]; *Boise Cascade Corp. v Wheeler*, 419 F Supp 98, 102 [SD NY 1976], *affd* 556 F2d 554 [2d Cir 1977]). Here, plaintiffs failed to demonstrate that Equinox Holdings possessed the right to exercise dominion and assignment authority over Equinox 63rd Street's claims under the guest fee agreement. Concur—Tom, J.P., Andrias, Friedman, Williams and Sweeny, JJ.